# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW POST<br><br>    Plaintiff,<br><br>    v.<br><br>MARK EDWARD PARTNERS LLC,<br>MARK E. FREITAS, AND ANDREW P.<br>GUERIN,<br><br>    Defendants. | CIVIL ACTION NO.: 1:22-cv-10148-RWZ |

### DEFENDANTS MARK EDWARD PARTNERS LLC, MARK E. FREITAS, AND ANDREW P. GUERIN'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants Mark Edward Partners LLC, ("MEP"), Mark E. Fretias, and Andrew P. Guerin (collectively, the "Defendants"), respectfully submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff Matthew Post's ("Plaintiff" or "Mr. Post") Amended Complaint for failure to state a claim upon which relief can be granted. Plaintiff's five-count Amended Complaint alleges claims for violation of the Massachusetts Wage Act in addition to breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing and quantum meruit, arising out of an alleged employment contract. The crux of Plaintiff's claims is that MEP, Plaintiff's employer, did not pay Plaintiff's agreed upon "base salary" within six days of being earned. However, per the very employment agreement, which Plaintiff attaches to and relies upon in the Amended Complaint, Plaintiff's compensation was entirely commission based, not wage based. While Plaintiff's employment agreement provided for a draw on commission with monthly true-ups for performance, Plaintiff did not earn any commission during his short employment with Defendant MEP, and the Amended Complaint does

not contend otherwise. Instead, Plaintiff attempts to blur the point by characterizing his compensation as "base wages" in order to maintain a Massachusetts Wage Act claim. Moreover, Plaintiff's associated contract-based claims similarly fail as Plaintiff did not earn any commissions and thus MEP did not breach the employment agreement.

As to Plaintiff's claims against Mr. Freitas and Mr. Guerin (collectively, the "Individual Defendants"), Plaintiff does not allege any conduct on the part of the Individual Defendants giving rise to individual liability under the Massachusetts Wage Act. Even more, absent a contractual relationship between the Plaintiff and the Individual Defendants, Plaintiff's contract and quasi-contract claims against the Individual Defendants also fail. In short, where Plaintiff has not and cannot plead sufficient facts to maintain this action, it should be dismissed.

## **FACTUAL BACKGROUND**[1]

Plaintiff filed an Amended Complaint alleging violations of the Massachusetts Wage Act, G.L. c. 149, §§ 148, 150, and asserting counts for breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing, and quantum meruit, arising out of Plaintiff's employment agreement with MEP. *See generally* Am. Compl., ECF No. 1.2. The pertinent allegations made by Plaintiff are as follows: Plaintiff alleges that MEP offered Plaintiff employment at its New York based insurance brokerage company. *See id.* at ¶¶ 2, 11. Plaintiff attached MEP's offer of employment as Exhibit A to the Amended Complaint (hereinafter the employment agreement shall be referred to as "the Agreement"). *See id.* at Ex. A. The Parties

---

[1] The following allegations are adopted from the Amended Complaint. Defendants deny a majority of the allegations, however for purposes of this Motion, restate Plaintiff's allegations, and state that even as plead, the facts are insufficient to maintain a claim against Defendants.

agreed to a start date of May 15, 2021. *See id.* at ¶ 11. The relevant terms of the Agreement, entered into by and between Plaintiff and MEP, are as follows:

> Your position will be Vice President and your responsibilities will be business development and production of Commercial, Private Client, Benefits, Financial Services and Life Business. You will have no geographical or territorial restrictions that limit your ability to produce business on behalf of the Company.
>
> …
>
> You will be eligible to receive a draw against commissions from May 2021 through December 2021 in amount of $105,000 which will be paid in accordance with the company's payroll practices.
>
> During the term of employment, any business you produce directly (individually/ exclusively), the Company will pay you as a licensed producer on collected commissions, net of returns, on business originated by you….Commissions are payable upon collection of premium and will be paid to you on the last day of the following month from when they are collected
>
> …
>
> You will not be entitled to receive any commission payments until the draw is validated. Based on draw you must produce and MEP must collect $300,000 of commission and/or fee revenue before any commission will be paid above the draw. The draw will be reviewed and trued up each month.

*Id.* at Ex A.

> Plaintiff then alleges that after the Parties entered into the Agreement, he:
>
> made hundreds of telephone calls and sent hundreds of e-mail on behalf of MEK (sic) from his Acton office. Post also had numerous meetings in Massachusetts and made cold calls in an effort to solicit business from Massachusetts companies and individuals.

*Id.* at ¶ 13.

Plaintiff then alleges that on September 20, 2021, Defendant MEP ceased paying Plaintiff and on November 29, 2021 discharged Plaintiff for abandoning his job. *See id.* at ¶¶ 14, 16.

Plaintiff does not dispute the terms of the Agreement and, even more, relies on the Agreement as part of the Amended Complaint. Yet, rather than classifying Plaintiff's compensation as "draw against commission" or "commission based" as stated in the Agreement, Plaintiff represents his compensation as "base wages." *Id.* at ¶ 11. This contradiction will be discussed in more detail below, however, based on the Agreement itself and the allegations in the Amended Complaint, Plaintiff's Wage Act and related contract-based claims cannot stand. Finally, as related to Plaintiff's claims against Messrs. Freitas and Guerin, Plaintiff does not, and cannot, allege that Plaintiff entered into a contract with the Individual Defendants. As such, Plaintiff's Wage Act and contract-based claims also fail against the Individual Defendants.

## ARGUMENT

### I. Legal Standard of Review

Under Fed. R. Civ. P. 12(b)(6), to survive a motion to dismiss a complaint must allege "a plausible entitlement to relief." *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007)). While "not equivalent to a probability requirement, the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully." *Boroian v. Mueller*, 616 F.3d 60, 65 (1st Cir. 2010) (quoting *Towmbly*, 550 U.S. at 570) (internal quotation marks omitted). Furthermore, a complaint "stops short of the line between possibility and plausibility of 'entitlement to relief'" where it pleads facts that are "merely consistent with" a defendant's liability. *In re Ariad Pharm., Inc. Sec. Litig.,* 842 F.3d 744, 756 (1st Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). While the court must "accept the well pleaded averments of the complaint as true, and construe these facts in the light most favorable to the [plaintiff]," it is not obliged to consider unsubstantiated legal conclusions, lacking in factual

basis. *Chongris v. Bd. of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987); *U.S. v. AVX Corp.,* 962 F.2d 108, 115 (1st Cir. 1992).

## II. This Court Must Dismiss Plaintiff's Massachusetts Wage Act Claims

This Court should dismiss Count I because Plaintiff's compensation does not constitute a "wage" under the Massachusetts Wage Act.

### a. Plaintiff's Compensation Was Not a Wage Under the Massachusetts Wage Act[2]

The Massachusetts Wage Act (the "Act") was enacted to prevent an employer from unreasonably detaining an employee's wages." *McAleer v. Prudential Ins. Co. of Am.,* 928 F. Supp. 2d 280, 287 (D. Mass. 2013); *Weems v. Citigroup Inc*., 453 Mass. 147, 150-151 (2009) ("The basic purpose of the act is 'to prevent the unreasonable detention of wages.'"). To make out a claim for unpaid wages under the Wage Act, a plaintiff must show that: "(1) he was an employee under the statute,[3] (2) his form of compensation constitutes a wage under the statute, and (3) the defendants violated the Act by not paying him his wages in a timely manner." *Napert v. Gov't Emp. Ins. Co.*, 36 F. Supp. 3d 237, 242 (D. Mass. 2014) (citations omitted).

For purposes of this Motion to Dismiss, Defendants focus on whether Plaintiff's compensation constituted a "wage" under the Act. The Act does not cover all types of wages. While the act does not define "wages" per se, it states that the term encompasses "commission when the amount of such commissions…has been definitely determined and has become due and

---

[2] Defendants do not concede that Massachusetts law applies to Plaintiff's claims and expressly reserve the right to argue that another state's laws applies to Plaintiff's claims.
[3] Defendants do not concede and expressly reserve the right to dispute Plaintiff's status as an employee under the Act.

5

payable to [the] employee." *Tze-Kit Mui v. Massachusetts Port Authority*, 478 Mass. 710, 712 (2018) (citing G.L. c. 149, § 148). Courts look to the terms of the contract to determine when a commission is "definitely determined" and "due and payable." *Gallant v. Boston Executive Search Assoc., Inc.*, 2015 WL 3654339, *7 (D. Mass. 2015). A commission is "definitely determined" if it is "arithmetically determinable." *See McAleer*, 929 F. Supp. 2d at 287 (citing *Wiedmann v. The Bradford Grp., Inc.*, 444 Mass. 698, 708 (2005)). Commissions are due and payable when "'any contingencies relating to their entitlement have occurred.'" *McAleer*, 928 F. Supp. 2d at 288 (quoting cases). Furthermore, Massachusetts courts repeatedly "distinguish[ ] wages, which include assured compensation and compensation equivalents such as accrued vacation pay and sick leave, from compensation 'triggered by contingencies' and thus outside the scope of the Wage Act." *Dennis v. Jager, Smith & Stetler, P.C.*, 11 Mass.L.Rptr. 567 (2000). In *Dennis*, the court held that where the plaintiff, a lawyer, received substantial and irregular compensation in the form of a draw, he was not afforded the protections of the Wage Act. *Id*. In *Stanton v. Lighthouse Fin. Serv., Inc.*, a District of Massachusetts court distinguished cases where compensation was payable only upon some contingency (not covered by the Act), versus situations where an employee's salary is contingent upon the profitability of a company and thus the salary is not contingent on her performing any condition beyond performing her job. 621 F. Supp. 2d 5, 14 (D. Mass. 2009).

Plaintiff claims that he is entitled to "receive pay for his work within six days of the termination of the pay period during which his wages were earned," and that these wages were earned "when his work was performed." *See* Am. Compl., at ¶ 22. More specifically, citing Exhibit A to the Amended Complaint (the Agreement), Plaintiff claims he is entitled to "base wages, payable on a bi-weekly basis, of $105,000 through December 31, 2021, plus commissions at the

rate of 35% once an initial threshold of $300,000 in premium policy fees collected from customers was met as well as the twenty days of paid vacation time." *See id.* at ¶ 11. However, the Agreement unequivocally states that the $105,000 represents a "draw against commission." *Id*. at Ex. A. Despite the Amended Complaint's efforts to gloss over the verbiage, the plain language of the Agreement states that Plaintiff's compensation was entirely commission based. *Id*. Simply put, *MEP did not agree to pay Mr. Post a base salary*. *Id.* at Ex. A. The Plaintiff's claims that run contrary to the very document attached to his Amended Complaint is exactly the type of subjective characterizations and/or circumlocutions this Court may choose to discredit on a Fed. R. Civ. P. 12(b)(6) motion. *See AVX Corp.,* 962 F.2d at 115.

As stated earlier, the Agreement provides for compensation based on commission. To maintain a wage claim for unpaid commissions, Plaintiff would have to allege Defendants failed to pay commissions he earned. Under the Act, commissions are earned when the commissions are "definitely determined" and "due and payable." *See Gallant,* 2015 WL 3654339, at *7. The Amended Complaint is entirely devoid of any allegation that Plaintiff earned a determinable, due and payable commission. Because Plaintiff fails to allege that he is entitled to an earned commission, his claim for unpaid commission under the Massachusetts Wage Act fails.[4]

      b.  <u>Plaintiff's Wage Act Claim Against the Individual Defendants Also Fails</u>

For the same reasons articulated above, Plaintiff's Massachusetts Wage Act claims against Messrs. Freitas and Guerin also fail. This Court should also dismiss Plaintiff's Massachusetts

---

[4] Of note, Plaintiff also appears to allege wages for unpaid PTO time during his short tenure. The facts are also insufficient as plead as Plaintiff provides no basis for how he would have earned payable vacation time under the commission based salary. At most, if this piece of the claim survives, Plaintiff should be required to amend the Complaint to provide sufficient information as to the basis of this claim.

Wage Act claims against the Individual Defendants because they are not subject to liability for violations of the Wage Act. The Massachusetts Wage Act limits individual liability to those "people who have assumed 'significant management responsibilities…similar to those performed by a corporate president or treasurer, particularly in regard to the control of finances or payment of wages.'" *Pineda v. Skinner Serv., Inc.*, 2020 WL 5775160, at *22 (D. Mass. Sept. 28, 2020) (quoting *Segal v. Genitrix, LLC*, 478 Mass. 551, 559 (2017)). Plaintiff asserts that Mr. Freitas is the President and Chief Executive Officer of MEP and that Mr. Guerin is the Executive Vice-President of MEP and Mr. Posts' supervisor. *See* Am. Compl., at ¶¶ 3, 4. Presumably, Plaintiff asserts that because Mr. Guerin and Mr. Freitas carried these rolls, they can be held individually liable under the Massachusetts Wage Act. Plaintiff does not claim that Messrs. Freitas or Guerin assumed significant management responsibilities within MEP or that they had control of finances or payment of wages. Furthermore, while Plaintiff pleads specific factual allegations regarding Mr. Guerin, Plaintiff offers no allegations regarding Mr. Freitas's alleged involvement in Plaintiff's claims. *See generally id.*

### III.  This Court Must Dismiss Plaintiff's Contract and Quasi-Contract Claims

Plaintiff asserts a myriad of contract and quasi-contract claims against the Defendants. For the reasons discussed below, Plaintiff's claims for breach of contract, promissory estoppel, breach of the covenant of good faith and fair dealing and quantum meruit fail.

#### a.  Plaintiff Fails to Allege a Claim for Breach of Contract

Under Massachusetts law, to make out a claim for breach of contract, a plaintiff must show (1) the existence of a valid contract; (2) a plaintiff's performance thereunder; (3)

8

defendant's breach of that contract; and (3) damages. *Bulwer v. Mount Auburn Hosp.*, 473 Mass. 672, 690 (2016) (citing *Singarella v. City of Bos.*, 342 Mass. 385, 387 (1961)). Here, Plaintiff fails to allege that MEP breached the employment Agreement by failing to pay Plaintiff certain wages.[5] The Agreement provided that Mr. Post was eligible to receive a 35% commission payment for any business Mr. Post generated in excess of $300,000. *See* Am. Compl, at Ex. A. The Agreement also made Mr. Post eligible for a draw against these commissions in the amount of $105,000 with monthly true-ups. *Id.* However, the Amended Complaint is completely devoid of any allegation that Mr. Post generated business in excess of $300,000 and therefore was entitled to any commission. *See generally* Am. Compl. Rather, the Amended Complaint attempts to classify the commissions as "base wages," which, as already discussed, is completely contradicted by a plain reading of the Agreement. Where MEP was not obligated to pay Plaintiff unless he produced business, thus triggering payment of commissions, and Plaintiff has failed to allege that he satisfied any such condition, MEP did not breach the Agreement and Plaintiff's claim for breach of contract fails.

Moreover, Plaintiff's breach of contract claim against the Individual Defendants also fails because Plaintiff does not allege that the Individual Defendants entered into a contract with Plaintiff. A claim for breach of contract necessarily requires a contract between the parties. *See e.g., Grafton Partners, LLC v. Barry & Foley Motor Transp., Inc.*, 22 Mass.L.Rptr.442, at *2 (Super. Ct. Apr. 9, 2007) (finding that where there was no contract between the parties, plaintiff's claim for breach of contract failed) (citing *Coll v. PB Diagnostic Systems, Inc.*, 50

---

[5] Plaintiff also implies that Defendants breached the Agreement by terminating Mr. Post prior to December 31, 2021. This argument also fails. MEP hired Mr. Post as an at-will employee and thus had no obligation to employ Plaintiff for any period of time.

9

F.3d 1115, 1122 (1st Cir. 1995) (applying Massachusetts law) (additional citation omitted)). Furthermore, while Mr. Freitas signed Mr. Post's employment Agreement on behalf of MEP, "a person making or purporting to make a contract for a disclosed principal does not become a party to the contract." *Porshin v. Snider*, 349 Mass. 653, 655 (1965) (citations and quotations omitted). This court must dismiss Plaintiff's breach of contract claims against the Individual Defendants.

      b. <u>Plaintiff Fails to Allege a Claim for Promissory Estoppel</u>

Plaintiff also fails to state a claim for promissory estoppel. "Reduced to basic terms, promissory estoppel 'consists simply of a promise that becomes enforceable because of the promisee's reasonable and detrimental reliance.'" *Suominen v. Goodman Indus. Equities Mgmt. Grp., LLC*, 78 Mass. App. Ct. 723, 731 (2011) (quoting *Rooney v. Paul D. Osborne Desk Co.*, 38 Mass. App. Ct. 82, 83 (1995)). Massachusetts law is clear: "[w]here an enforceable contract exists, however, a claim for promissory estoppel will not lie." *Malden Police Patrolman's Ass'n v. Malden*, 92 Mass. App. Ct. 53, 61 (2017) (citations omitted). In *Malden*, a Massachusetts Appellate Court held that where a written contract between the employer and employee existed, the doctrine of promissory estoppel was not applicable and the lower court judge did not err in dismissing the union's claims. *Id.*

Here, Plaintiff alleges the existence of a valid and enforceable employment contract. Where Plaintiff's allegations against MEP are limited to the promises contained within the employment contract, Plaintiff's claim for promissory estoppel is duplicative and must be dismissed.

For these same reasons, Plaintiff's claim for promissory estoppel against the Individual Defendants also fail. Plaintiff does not allege that the Individual Defendants made a promise to

Plaintiff, let alone a promise outside of the employment contract. Furthermore, to the extent the Individual Defendants made a promise to Plaintiff, such promise was made on behalf of MEP.

### c. Plaintiff Fails to Allege a Claim for Breach of the Covenant of Good Faith and Fair Dealing

Plaintiff fails to state a claim for the breach of the covenant of good faith and fair dealing. "Without a breach of the contract, there can be no claim for a breach of an implied covenant of good faith and fair dealing." *Capitol Specialty Ins. Corp. v. Higgins*, 203 F. Supp. 3d 200, 214 (D. Mass. 2016) (quoting *Dimaio Family Pizza & Luncheonettte, Inc. v. Charter Oak Fire Ins. Co.*, 349 F. Supp. 2d 128, 134 n. 6 (D. Mass. 2004) (additional citations and quotations omitted)). As discussed in detail above, Plaintiff fails to allege a breach of contract claim against the Defendants. As such, Plaintiff's breach of implied covenant claim also fails.[6]

In addition to the reasons articulated above, Plaintiff's claim for breach of implied covenant of good faith and fair dealing also fails against the Individual Defendants because there was no contractual relationship between Plaintiff and the Individual Defendants. The covenant of good faith and fair dealing is implicit in all Massachusetts contracts. *Serabian v. SAP Am., Inc.*, 2018 WL 1041540, *4 (D. Mass. Feb. 23, 2018). Absent a contractual relationship between

---

[6] Plaintiff's claim for breach of implied covenant of good faith and fair dealing also fails on the merits. "Massachusetts law recognizes a breach of the implied covenant of good faith and fair dealing in two limited circumstances involving termination of at-will employees: '(1) when an employer terminates an employee to avoid payment of future expected compensation for past services or expected benefits (the financial benefit prong) or (2) when employment was terminated contrary to a clearly established public policy.'" *Fine v. Guardian Life Ins. Co. of Am. & Park Ave. Sec.*, 450 F. Supp. 3d 20, 28-29 (D. Mass. 2020) (citations and quotations omitted). Plaintiff does not (and cannot) allege that MEP terminated Mr. Post to avoid paying him commissions that he had already earned because Plaintiff never earned any commissions. Neither does Plaintiff allege that MEP terminated Mr. Post in violation of public policy. As such, Plaintiff's breach of implied covenant of good faith and fair dealing fails on the merits.

Plaintiff and the Individual Defendants, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing necessarily fails.

        d. <u>Plaintiff Fails to Allege a Claim for Quantum Meruit</u>

Finally, Plaintiff's claim for quantum meruit must be dismissed. "Recovery in quantum meruit presupposes that no valid contract covers the subject matter of a dispute." *Scarpaci v. Lowe's Home Center, LLC*, 212 F. Supp. 3d 246, 253 (D. Mass. 2016) (quoting *Boswell v. Zephyr Lines, Inc.*, 414 Mass. 241, 250 (1993)). "Where such a contract exists, the law need not create a *quantum meruit* right to receive compensation for services rendered." *Id. (*quoting *Boswell*, 414 Mass. at 250). Where a valid contract between Plaintiff and MEP exists, Plaintiff's claim for quantum meruit fails.

Finally, even though there was no valid contract between Plaintiff and the Individual Defendants, Plaintiff's quantum meruit claim also fails as against Messrs. Guerin and Freitas. "In Massachusetts, the elements of a quantum meruit recovery are: (1) the plaintiff conferred a reasonable benefit upon the defendants; (2) defendants accepted the services with the reasonable expectation of compensating the plaintiff; and (3) the plaintiff provided the services with the reasonable expectation of receiving compensation." *Backman v. Smirnov*, 751 F. Supp. 2d 304, 314 (D. Mass. 2010) (citation omitted). Plaintiff alleges that Mr. Post worked for MEP; Plaintiff does not allege that he conferred any benefit on the Individual Defendants.

## CONCLUSION

For the foregoing reasons, Defendants Mark Edward Partners LLC, Mark E. Freitas, and Andrew P. Guerin respectfully request that this Court dismiss Plaintiff's Complaint in its entirety.

| | |
|---|---|
| Dated: February 3, 2022 | Respectfully submitted, |
| | Mark Edward Partners LLC, Mark E. Freitas, and Andrew P. Guerin, |
| | By their attorneys, |
| | */s/ Rachel E. Moynihan* |
| | Rachel E. Moynihan, BBO#663887 |
| | Marissa L. Morte, BBO# 705683 |
| | MANNING GROSS + MASSENBURG, LLP |
| | 125 High Street, 6th Floor |
| | Oliver Street Tower |
| | Boston, MA 02110-3536 |
| | rmoynihan@mgmlaw.com |
| | mmorte@mgmlaw.com |
| | Telephone: (617) 670-8303 |
| | Facsimile: (617) 670-8801 |

## CERTIFICATE OF SERVICE

I, Rachel E. Moynihan, hereby certify that on this 3rd day of February, 2022, I caused a true and accurate copy of the foregoing document to be served on all counsel of record by operation of the Court's Electronic Case Filing System (ECF).

 */s/ Rachel E. Moynihan*
 Rachel E. Moynihan