## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW POST | |
| Plaintiff, | |
| v. | CIVIL ACTION NO.: 1:22-cv-10148-RWZ |
| MARK EDWARD PARTNERS LLC, MARK E. FREITAS, AND ANDREW P. GUERIN, | |
| Defendants. | |

### DEFENDANTS MARK EDWARD PARTNERS LLC, MARK E. FREITAS, AND ANDREW P. GUERIN'S  MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Pursuant to Fed. R. Civ. P. 12(b)(2), Mark Edward Partners LLC ("MEP"), Mark E. Freitas, and Andrew P. Guerin (collectively, the "Defendants"), respectfully submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction. Matthew Post (the "Plaintiff" or "Mr. Post") filed a five-count Amended Complaint (the "Amended Complaint") alleging that he is entitled to certain compensation arising out of his limited employment at MEP, a New York-based insurance brokerage firm. Plaintiff asserts claims against MEP, as well as Messrs. Freitas and Guerin (hereinafter, Messrs. Freitas and Guerin will be referred to, collectively, as the "Individual Defendants"). *See generally* Am. Compl., ECF No. 1.2. However, none of the Defendants has sufficient contacts with the Commonwealth of Massachusetts to be subjected to personal jurisdiction. Defendant MEP is a New York company, Mr. Freitas resides in Florida and Mr. Guerin resides in New Jersey. Plaintiff is a resident of Massachusetts and chose to work remotely in the Commonwealth during his brief period of employment in 2021. Otherwise, Plaintiff's claims have no connection to Massachusetts and the

Amended Complaint is completely devoid of sufficient facts to justify bringing Defendants into this forum. Furthermore, as to the Individual Defendants, Plaintiff does not allege any conduct of Mr. Freitas, let alone any conduct of Mr. Freitas in Massachusetts. This Court also lacks personal jurisdiction over Mr. Guerin where Mr. Guerin's alleged forum-based activities consisted of communicating with an employee, Plaintiff, while Plaintiff had a residence in Massachusetts.[1] As explained in more detail below, this Court should dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed suit against Defendants in Massachusetts Superior Court, Middlesex County on December 1, 2021 and filed an Amended Complaint on January 6, 2022. *See* Compl., ECF No. 1.1; Am. Compl., ECF No. 1.2. Subsequently, on January 27, 2022, Defendants removed this case to the United States District Court for the District of Massachusetts on the grounds of diversity jurisdiction. *See* Notice of Removal, ECF No. 1.

Plaintiff's claims arise out of an employment relationship with MEP. MEP is a full-service brokerage firm covering all lines of insurance for a wide variety of corporations, individuals and families. *See* Aff. of Andrew P. Guerin ("Guerin Aff."), attached at Ex. 1, at ¶ 4. MEP hired Plaintiff as Vice President, based on Plaintiff's representations to Messrs. Freitas and Guerin that Plaintiff had a book of business of approximately $825,000 in revenue that would follow him to MEP. *See id.* at ¶ 11. Plaintiff's responsibilities included business development and production of Commercial, Private Client, Benefits, Financial Services and Life Business. *See id.* at ¶ 15. On May 15, 2021, MEP and Plaintiff entered into an employment agreement (hereinafter, the

---

[1] Plaintiff does not even allege that Plaintiff was in Massachusetts when Mr. Guerin communicated with Plaintiff.

"Employment Agreement"), which stated Plaintiff "will have no geographical or territorial restrictions that limit your ability to produce business on behalf of the Company." *See* Employment Agreement, attached to Ex. 1, Guerin Aff., at Ex. A.[2] MEP agreed to pay Plaintiff in the form of a draw against his commissions in the amount of $105,000 from May 2021 to December 2021. *See id*. However, in order to be entitled to any commission payments and satisfy the draw of $105,000, Plaintiff would need to produce $300,000 in revenue. *See id*. The terms of Plaintiff's employment also provided that Plaintiff was eligible to receive a 35% commission on any business Plaintiff produced, and MEP collected, over $300,000. *See id*.

As of September 20, 2021, Plaintiff had produced only $1,859.50 in business for MEP. *See* Ex. 1, Guerin Aff., at ¶ 28. As such, on that date, MEP suspended Plaintiff's draw and in an effort to assist Plaintiff, reduced the amount of business he needed to bring in to support his draw. *See id*. at ¶¶ 29 - 30. Ultimately, after MEP was unable to contact Plaintiff for over a month, MEP notified Plaintiff that MEP understood that Plaintiff had abandoned his job. *See id*. at ¶ 32. Days later, Plaintiff filed this Complaint. *See generally* Am. Compl.

MEP is organized under the laws of the state of New York and has its principal place of business in New York. *See* Ex. 1, Guerin Aff., at ¶ 5. While MEP sells insurance across the world, MEP has offices in New York, Beverley Hills, Palm Beach and London. *See id.* at ¶¶ 4, 6. MEP does not have any corporate directors in Massachusetts and does not own real estate or maintain branch offices in Massachusetts,. *See id*. at ¶¶ 7 - 8. As related to Plaintiff's Amended Complaint, MEP's only connection with Massachusetts is that MEP entered into an employment relationship with an individual who happened to reside in Massachusetts, and worked remotely for MEP in his

---

[2] Plaintiff attached the Employment Agreement to his Amended Complaint as Exhibit A.

Massachusetts home. MEP did not recruit Plaintiff in Massachusetts and did not hire Plaintiff because of his residence in Massachusetts. *See id*. at ¶¶ 33 – 34. As provided in the Employment Agreement, MEP hired Plaintiff with no geographical or territorial restrictions on Plaintiff's ability to produce business. *See id*. at ¶ 16.  Plaintiff's business card listed MEP's New York address as his point of contact and MEP expected Plaintiff to generate business across the country. *See id*. at ¶ 23 -24. MEP executed Plaintiff's employment contract in New York. *See id*. at ¶ 13. MEP did not facilitate Plaintiff's remote work in Massachusetts by purchasing office space or equipment for Plaintiff.  *See id*. at ¶ 26.

As to the Individual Defendants, Messrs. Freitas and Guerin also do not have substantive contacts in Massachusetts. Mr. Freitas is a resident of Florida and Mr. Guerin is a resident of New Jersey. *See id*. at ¶ 1, 3. Neither Messrs. Freitas nor Guerin traveled to Massachusetts to meet with Plaintiff at any point. *See id*. at ¶ 14. Plaintiff's Amended Complaint does not identify any specific actions by Mr. Freitas. *See generally* Am. Compl. As to Mr. Guerin, Plaintiff's Amended Complaint states that Mr. Guerin made certain representations to Plaintiff in the course of the employment negotiations and that Mr. Guerin suspended Mr. Post's draw after Mr. Post failed to bring in any business, and as permitted under the employment engagement. *See* Am. Compl. at ¶¶ 6, 14.

Finally, Plaintiff alleges that Plaintiff was solicited to work for MEP so that MEP could obtain Massachusetts business. As discussed below, the Court should disregard this assertion as it is belied by the Employment Agreement that Plaintiff relies on in making his claims, and the Amended Complaint completely lacks any other allegations that MEP solicited and obtained business in Massachusetts.

4

**ARGUMENT**

Because Plaintiff cannot demonstrate that this Court has personal jurisdiction over MEP, Messrs. Freitas or Guerin, pursuant to either the Massachusetts Long Arm Statute or the Due Process Clause of the Fourteenth Amendment, this Court must dismiss Plaintiff's claims.

**I.   Standard of Review**

Plaintiff bears the burden of demonstrating that this Court has personal jurisdiction over each Defendant. *Astro-Med, Inc. v. Nihon Kohden Am. Inc.,* 591 F.3d 1, 8 (1st Cir. 2009).  Mr. Post must illustrate personal jurisdiction "with specific facts set forth in the record." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994); *Barrett v. Lombardi*, 239 F.3d 23, 26 (1st Cir. 2001) (finding that a plaintiff "cannot rest upon mere averments, but must adduce competent evidence of specific facts."). However, this Court is not limited to the Complaint's allegations and may consider "uncontradicted facts proffered by the defendant." *C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.*, 771 F.3d 59, 65 (1st Cir. 2014); *A Carp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016)

The Court must "find sufficient contacts between the defendant and the forum to satisfy both the state's long-arm statute and the Fourteenth Amendment's Due Process clause." *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995). First, Plaintiff must show that Massachusetts' long-arm statute grants jurisdiction. If it does, Plaintiff must demonstrate that the exercise of jurisdiction is consistent with the Constitution. *See Roy v. FedEx Ground Package System, Inc.*, 2018 WL 2324092, at *4 (D. Mass. May 22, 2018) (citation omitted).  As described below, Plaintiff's

Complaint satisfies neither test. Defendants first address this Court's personal jurisdiction over MEP and then analyze this court's jurisdiction over the Individual Defendants.

## II.   This Court Cannot Exercise Personal Jurisdiction over Mark Edward Partners LLC

Because MEP is not subject to personal jurisdiction under either the Massachusetts Long-Arm Statute or the Fourteenth Amendment's Due Process Clause, Plaintiff's claims against MEP must be dismissed.

### a.  Massachusetts Long-Arm Statute

The Massachusetts long-arm statute provides eight (8) grounds on which a nonresident defendant may be subject to personal jurisdiction by a court of Massachusetts. *See Roy*, 2018 WL 2324092, at *4. The Massachusetts long-arm statute provides, in part:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's:
>
> a) transacting any business in this commonwealth;
> b) contracting to supply services or things in this commonwealth;
> c) causing tortious injury by an act or omission in this commonwealth;
> d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;
> e) having an interest in, using or possessing real property in this commonwealth;

…

M.G.L. ch. 223A, § 3. On best information, Plaintiff alleges jurisdiction over MEP under either Sections (a) or (d), presumbly because MEP entered into a contract to employ an individual and that individual resides in Massachusetts.

i.  Massachusetts Long-Arm Statute Section 3(a)

"The 'transacting business' test under section 3(a) is designed to identify deliberate, as distinguished from fortuitous, contacts with the forum by the nonresident party, *see, e.g.*, *Good Hope Indus.*, 389 N.E.2d at 82, with a view to determining whether "'the possible need to invoke the benefits and protections of the forum's laws was reasonably foreseeable . . . .'" *Lyle Richards Int'l, Ltd. v. Ashworth, Inc.*, 132 F.3d 111, 112-13 (1st Cir. 1997) (alteration in original) (citation omitted). "For jurisdiction to exist under § 3(a), the facts must satisfy two requirements — the defendant must have transacted business in Massachusetts, and the plaintiff's claim must have arisen from the transaction of business by the defendant." *Tatro v. Manor Care, Inc.*, 416 Mass. 763, 625 N.E.2d 549, 551 (1994) (citation omitted). Furthermore, "[t]he long-arm statute does not confer personal jurisdiction where the nonresident's contacts with Massachusetts were 'purely incidental' to the business transaction." *Aub v. Technicolor Entertainment Services*, 224 F. Supp. 2d 371, 373-74 (D. Mass. 2002) (citing *Lyle*, 132 F.3d at 113). Massachusetts courts repeatedly distinguish cases where a nonresident's contacts with Massachusetts are random, from cases in which the nonresident engages in a systematic effort to obtain business from Massachusetts businesses and residents. *Id.* (citing *Tatro*, 625 N.E.2d at 552).

The District of Massachusetts case, *Aub v. Technicolor Entertainment Services*, involves similar facts to those at hand. 224 F. Supp. 2d at 371. In *Aub*, the plaintiff, a self-employed consultant, sued Technicolor Entertainment Services ("Technicolor") alleging that Technicolor failed to pay her a success fee on a deal. Ultimately, the court dismissed plaintiff's complaint because the Massachusetts long-arm statute did not confer personal jurisdiction where defendant's hiring of plaintiff had nothing to do with Massachusetts. *Id.* at 374. The court noted that the

business relationship grew out of a contact originally made in California, Technicolor executives never traveled to Massachusetts and Technicolor's reasons for hiring Aub had nothing to do with her presence in Massachusetts. *Id.* at 374. Aub's services were not localized to Massachusetts and Aub's performance of work in Massachusetts was of no consequence to Technicolor. *Id.* The court also noted that long distance mail and telephone calls did not justify the conclusion that Technicolor transacted business in Massachusetts. *Id.*

Similar to the facts in *Aub*, MEP did not deliberately transact business in Massachusetts. Rather, MEP entered into a contract with an individual for that individual to enter into insurance brokerage agreements on MEP's behalf, throughout the country, with no jurisdictional or territorial limitations. *See* Ex. 1, Guerin Aff., at Ex. A. Where MEP's hiring of Plaintiff had no bearing on Plaintiff's residence, MEP cannot be said to have deliberate contact with the Commonwealth. Plaintiff attempts to circumvent this motion by making allegations in the Amended Complaint that Plaintiff was solicited to produced business in Massachusetts; however, the Employment Agreement which Plaintiff's claims rely on leaves no doubt: Plaintiff was not restricted to grow business in any one territory. *See* Ex. 1, Guerin Aff., at Ex. A. This reveals Plaintiff's allegation as a tenuous and an unsupportable link to jurisdiction. Plaintiff should not be able to rely on this unfounded allegation when the Employment Agreement, and the lack of any other allegations that MEP obtained Massachusetts business, squarely contradict it.

ii.   Massachusetts Long-Arm Statute Section 3(d)

This court may also not confer jurisdiction over MEP under Section 3(d) of the Long-Arm Statute. Under Section 3(c), a Massachusetts court may exercise jurisdiction over a defendant for "causing tortious injury by an act or omission in this commonwealth." M.G.L. ch. 223A, § 3(c). It

is well-established that Section 3(d) "applies only where general jurisdiction exists over the defendant." *Hopkins v. Yi*, 2019 WL 3547085, at *4 (D. Mass. May 31, 2019) (citations omitted). As discussed below, this court cannot exercise general personal jurisdiction over MEP and thus any claim that Section 3(d) of the Long-Arm Statute confers jurisdiction, also fails.

**b. The Due Process Clause of the Fourteenth Amendment**

Because the Massachusetts Long-Arm Statute does not authorize the exercise of personal jurisdiction over MEP, Plaintiff's claims against MEP should be dismissed. However, analyzing potential jurisdiction under the Due Process Clause of the Fourteenth Amendment leads to the same conclusion: Plaintiff may not proceed against MEP in Massachusetts. "The Due Process Clause of the Fourteenth Amendment requires that a defendant have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.,* 825 F.3d 28, 35 (1st Cir. 2016) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Due Process Clause only allows a court to exercise jurisdiction over a defendant whose "conduct and connection with the forum State" are "such that [the defendant] should reasonably anticipate being haled into court there." *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). MEP has no reasonable anticipation of being called into court here.

i. General Jurisdiction

A court has general personal jurisdiction over an out-of-state defendant whose "affiliations with the forum state are so continuous and systematic as to render [the defendant] essentially at home" in that state, such that the defendant may reasonable expect to be taken to court in that forum. *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014); *see also Goodyear Dunlop Tires*

*Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The "paradigm" forums for the exercise of general jurisdiction over a corporation are "the place of incorporation and principal place of business." *Daimler AG,* 571 U.S. at 137 (internal citations omitted). Plaintiff does not, and cannot, argue that this court has general personal jurisdiction over MEP because it is a New York corporation with a principal place of business in New York. *See* Ex. 1, Guerin Aff., ¶¶ 5; *see also* Am. Compl. at ¶ 2. MEP conducts minimal business in Massachusetts, does not maintain branch offices in Massachusetts, and owns no real property in Massachusetts. *See* Ex. 1, Guerin Aff., ¶¶ 6 – 9. This Court cannot exercise general personal jurisdiction over MEP.

   ii. <u>Specific Jurisdiction</u>

   To establish specific personal jurisdiction over MEP, Plaintiff must establish that his claims arise directly out of, or relate to, MEP's contacts with this forum. *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014); *Hannon v. Beard*, 524 F.3d 275, 279 (1st Cir. 2008) (citing *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998) ("Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities."); *Harlow v. Children's Hosp.*, 432 F.3d 50, 60-61 (1st Cir. 2005). The First Circuit rejects "the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts seems attenuated and indirect" and "[i]nstead, the defendant's in-state conduct must form an important, or at least material, element of proof in the plaintiff's case." *Harlow*, 432 F.3d at 61 (internal citations omitted). For specific personal jurisdiction, "the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts

foreseeable...[and] the exercise of jurisdiction must...be reasonable." *Copia Communs., LLC*, 812 F.3d at 4 (internal citation omitted). Mr. Post's Amended Complaint satisfies none of these elements as to MEP.

### 1. Relatedness

The first factor "focuses on the nexus between the defendant's contacts and the plaintiff's cause of action." *Hannon*, 524 F.3d at 282 (citing *Adelson v. Hananel*, 510 F.3d 43, 49 (1st Cir. 2007)). While a court may establish jurisdiction based on a single contact with the forum, "that [single] contact must be 'meaningful.'" *CRG Fin., LLC v. Two Diamond Capital Corp.*, 2020 WL 1308193, at *7 (D. Mass. Mar. 19, 2020) (citing *Nowak v. Tak How Invs., Ltd.,* 94 F.3d 708, 716 (1st Cir. 1996) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 n.18 (1985))). "In a contract dispute, when 'examining the defendant's relationship to the forum "[the Court] look[s] to whether the defendant's activity in the forum state was instrumental either in the formation of the contract or its breach."'" *Collision Communications Inc. v. Nokia Solutions and Networks Oy*, 485 F. Supp. 3d 282, 295-96 (D. Mass. 2020) (citations and quotations omitted).

Here, MEP entered into an employment contract with Plaintiff pursuant to which Plaintiff agreed to sell insurance to individuals and companies across the country. *See* Ex. 1, Guerin Aff., at Ex. A. Plaintiff has alleged that Plaintiff was hired to solicit business in Massachusetts in an attempt to create a nexus to the Commonwealth, however this runs contrary to the plain language of the Employment Agreement, which Plaintiff relies on in his Amended Complaint. *Id.* Plaintiff's residence in Massachusetts has no relevance to the performance of the employment contract. Absent a nexus between MEP's contacts with the forum and Plaintiff's cause of action, Plaintiff fails to satisfy the "relatedness" prong.

## 2.   Purposeful Availment

The First Circuit has previously stated that the purposeful availment requirement "represents a rough quid pro quo: when a defendant **deliberately** targets its behavior toward the society or economy of a particular forum, the forum should have the power to subject the defendant to judgment regarding that behavior." *Carreras v. PMG Collins, LLC*, 660 F.3d 549, 555 (1st Cir. 2011) (emphasis added). Courts focus on the "voluntariness of the defendants' relevant [forum state] contacts and the foreseeability of the defendants falling subject to [forum state] jurisdiction." *Copia*, 812 F.3d at 5 (citing *Adelson*, 510 F.3d at 48). Voluntariness requires that MEP's contacts with Massachusetts "proximately result from actions by the defendant himself," and not based on the unilateral actions of another party. *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 28 (1st Cir. 2008) (citations omitted).  Foreseeability "requires that the contacts also must be of a nature that the defendant could 'reasonably anticipate being haled into court there.'" *Phillips*, 530 F.3d at 28 (citing *Adelson*, 510 F.3d at 48 (quoting *World-Wide Volkswagen Corp.*, 444 U.S. 286, 297)) (internal quotation marks omitted)).

Here, it is beyond dispute that MEP knew that Plaintiff resided in Massachusetts. However, Massachusetts courts have repeatedly held that a defendant's awareness of a plaintiff's location is alone note enough to create personal jurisdiction over the defendant. *Compare Phillips*, 530 F.3d at 28 (finding that defendant did not purposefully avail itself of Massachusetts law where defendant mailed a contract to Massachusetts, communicating with plaintiff while plaintiff was in Massachusetts, but did not initiate contact with plaintiff in Massachusetts, and never traveled to Massachusetts), *with Cossart v. United Excel Corp.*, 804 F.3d 12, 21 (1st Cir. 2015) (finding sufficient contacts to satisfy the purposeful availment where defendant recruited plaintiff in

Massachusetts, the plaintiff's employment contract contemplated that he would work in Massachusetts, plaintiff performed significant work in Massachusetts, the defendant facilitated plaintiff's work in Massachusetts by providing office equipment and the defendant registered a sales office in Massachusetts).[3]

In *Pushor v. Mount Washington Observatory Inc.*, the United States District Court for the District of Maine found that a New Hampshire employer was not subject to Maine law despite the fact that it allowed plaintiff to work remotely in Maine. 2018 WL 3487579, at *5 (D. Me. May 17, 2018). The court noted "it is difficult to see how, by allowing Pushor to work from Maine, the Observatory was invoking the benefits and protections of Maine's law." *Id*. at 6 (citations omitted). The court also rejected plaintiff's argument that the defendant's compliance with Maine's employment tax obligations was sufficient to create minimum contacts with the forum. *Id.*

Similar to the facts in *Prairie Eye Center* and *Pushor*, MEP did not recruit Plaintiff because he was a Massachusetts resident; Mr. Post's residence in Massachusetts had no bearing on MEP's decision to hire him, which is reflected in the plain terms of the Employment Agreement. While MEP allowed Plaintiff to work remotely, MEP did not facilitate Plaintiff's work in Massachusetts and, in fact, had no interest in where Plaintiff performed his work, as long as he performed it. Were this Court to find jurisdiction over MEP based on Mr. Post's remote work, then presumably, a court could exercise jurisdiction over an employee in any state in which the employee chose to

---

[3] Furthermore, sister courts have repeatedly refused to find an employer subject to personal jurisdiction based on an employee's choice of residence, alone. *See e.g. Gonzalez v. Human Rights Network*, 512 F. Supp. 3d 944, 954-58 (D. Ariz. 2021); *Fields v. Sickle Cell Disease Assoc. of Am., Inc*., 770 Fed. Appx. 77 (4th Cir. 2019); *Embry v. Hibbard Inshore, LLC*, 2019 WL 2744483, at *3 (E.D. La. 2019), *aff'd*, 803 Fed. Appx. 746 (5th Cir. 2020) (holding "[t]he unilateral actions of an employee do not create minimum contacts in a forum for his employer unless there is evidence that the employer purposefully availed itself of the benefits and protections of the laws of the forum"); *Callahan v. Wisdom,* 2020 WL 2061882, at *2 (D. Conn. 2020).

perform his work. This would be a particularly slippery slope in the context of remote work that has occurred during the COVID-19 pandemic.

### 3. Reasonableness

Finally, courts analyze reasonableness using various factors, including:

> (1) the defendant's burden of appearing [in the forum state], (2) the forum state's interest in adjudicating the dispute, (3) the plaintiffs' interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

*Ticketmaster-New York*, 26 F.3d at 209 (citing *Burger King*, 471 U.S. at 477). These elements typically "play a larger role in cases where the minimum contacts question is very close." *Adelson*, 510 F.3d at 51; *Ticketmaster-New York*, 26 F.3d at 210 ("[T]he weaker the plaintiff's showing on the first two prongs…the less a defendant need show in terms of unreasonableness to defeat jurisdiction."). Because Plaintiff fails to allege sufficient facts to satisfy the relatedness or purposeful availment prongs, the Court need not analyze the reasonableness factors in detail. Nevertheless, the reasonableness factors weigh in favor of dismissal. Simply put, it would be unreasonable to force MEP to litigate in this jurisdiction based on the fact that MEP hired an individual and allowed that individual to work remotely in Massachusetts. Otherwise, any employer who allows its employees to work remotely would be subject to jurisdiction in any state where that employee decides to reside, even if that state has no connection to the employee's job or current work.

### III.   This Court Cannot Exercise Personal Jurisdiction over Messrs. Freitas and Guerin

14

Similar to Plaintiff's claims against MEP, because Plaintiff fails to allege that either Messrs. Freitas or Guerin are subject to personal jurisdiction under either the Massachusetts Long-Arm Statute or the Fourteenth Amendment's Due Process Clause, Plaintiff's claims against the Individual Defendants must be dismissed.

### a. Jurisdiction over Individual Defendants

As a preliminary matter, Massachusetts courts agree that an individual's status as a corporate officer is alone insufficient to establish personal jurisdiction in the forum. *See e.g.*, *King v. Prodea Systems, Inc*., 433 F. Supp. 3d 7, 16 (D. Mass. 2019) (citing *M-R Logistics, LLC v. Riverside Rail, LLC*, 537 F. Supp. 2d 269, 279 (D. Mass. 2008) ("[I]t is axiomatic that jurisdiction over the individual officers of a corporation may not be based on jurisdiction over the corporation." (internal quotations omitted))). A Court must find an "independent basis" for jurisdiction over corporate officers because "jurisdiction over the individual officers of a corporation under the Massachusetts long arm statute may not be based on jurisdiction over the corporation." *Levesque v. Schroder Investment Management North Am., Inc*., 368 F. Supp. 3d 302, 308 (D. Mass. 2019). In order for a court to exercise jurisdiction over a corporate officer, plaintiff must allege that the individual was a "primary participant" in the alleged wrongdoing and that the "the individual 'derived personal benefit' or acted beyond the scope of his or her employment with respect to contacts with the forum state." *King,* 433 F. Supp. 3d at 16. Furthermore, while Massachusetts courts "do not recognize an absolute fiduciary shield doctrine, 'more than mere participation in the corporation's affairs is required' to justify the exercise of personal jurisdiction over an individual officer." *Bay Promo LLC v. Moncada Alaniz,* 2021 WL 1670180, at *3 (D. Mass. Apr. 28, 2021) (quoting *M-R Logistics, LLC,* 537 F. Supp. 2d at 280 (finding that plaintiff's communications with

corporate officers from her home in Massachusetts were insufficient to confer jurisdiction pursuant to the Long-Arm Statute)).

Here, Plaintiff does not allege that the Individual Defendants personally benefited from MEP's alleged failure to pay Mr. Post his wages. Plaintiff also does not allege that the Individual Defendants acted outside the scope of their employment. In fact, Plaintiff does not allege that either Individual Defendant primarily participated in the alleged withholding of wages. Because jurisdiction over Mr. Freitas and Mr. Guerin cannot be based on any alleged jurisdiction over MEP, and because Plaintiff fails to allege any forum based contacts by the Individual Defendants in Massachusetts as related to Plaintiff's claims, this Court may not exercise jurisdiction over Messrs. Freitas or Guerin.

### b. Massachusetts Long Arm Statute

Presumably, Plaintiff alleges jurisdiction over Messrs. Freitas or Guerin because MEP entered into a contract to employ an individual and that individual resides in Massachusetts. The Individual Defendants assume that Plaintiff attempts to allege jurisdiction under the Long Arm Statute pursuant to Section (a).

### i. Massachusetts long Arm Statute Section 3(a)

As discussed earlier, "[f]or jurisdiction to exist under § 3(a), the facts must satisfy two requirements — the defendant must have transacted business in Massachusetts, and the plaintiff's claim must have arisen from the transaction of business by the defendant." *Bay Promo LLC,* 2021 WL 1670180, at *3 (citing *Tatro v. Manor Care, Inc.,* 416 Mass. 763, 767 (1994)).

Plaintiff fails to allege any specific actions of Mr. Freitas in Massachusetts, let alone any allegations that Mr. Freitas conducted business in Massachusetts. Where Plaintiff's only allegation

directed towards Mr. Guerin pertain to communications that Plaintiff had with Mr. Guerin while Plaintiff was (presumably) at his home in Massachusetts,[4] this does not amount to Mr. Guerin transacting business in Massachusetts and this Court cannot exercise jurisdiction pursuant to Section 3(a). *See e.g., Perras v. Trane US Inc*., at 42 (finding that corporate officer's two isolated visits to plaintiff's Massachusetts office and quarterly conference calls were insufficient to confer jurisdiction over a corporate officer).

### c.   The Due Process Clause of the Fourteenth Amendment

Because the Massachusetts Long-Arm Statute does not authorize the exercise of personal jurisdiction over Messrs. Freitas and Guerin, this case should be dismissed.  However, analyzing potential jurisdiction under the Due Process Clause of the Fourteenth Amendment leads to the same conclusion: this court lacks jurisdiction over Messrs. Freitas and Guerin.

### i.   General Jurisdiction

A court may exercise general personal jurisdiction when a defendant "engaged in 'continuous and systematic' activity in the forum state, regardless of whether such activity is related to the plaintiff's claims." *King,* 433 F. Supp. 3d at 14 (quoting *Mass. School of Law, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). Plaintiff does not allege that Messrs. Freitas or Guerin had any contact with Massachusetts, let alone the continuous and systematic contacts required for a court to exercise general personal jurisdiction over the Individual Defendants. *See e.g., King*, 433 F. Supp. 3d at 14 (finding that plaintiff's proffered "discrete and isolated contacts between the Individual Defendants and Massachusetts, the majority of which

---

[4] Plaintiff's allegations directed toward Mr. Guerin surround Mr. Guerin's general supervisory role and do not have any specific relation to Massachusetts.

relate to the hiring of plaintiff to work remotely in this Commonwealth" were insufficient for the court to exercise general jurisdiction).

ii. <u>Specific Jurisdiction</u>

To support the Court's exercise of specific personal jurisdiction over Messrs. Freitas and Guerin, Plaintiff must make an affirmative showing that "1) the litigation relate to arises out of the defendant's contacts with the forum state; 2) the defendant purposefully availed itself of the privilege of conducting business in the forum state; and 3) jurisdiction over the defendant is reasonable under the circumstances." *King*, 433 F. Supp. 3d at 14 (citations omitted). Mr. Post's Amended Complaint satisfies none of these elements as to the Individual Defendants.

### 1. Relatedness

In order to satisfy the relatedness prong, Plaintiff must show that Messrs. Freitas and Guerin's contacts with Massachusetts form "an important or, at the least, material element of proof in the plaintiff's case." *Id.* However, Mr. Guerin's employment related communications with Plaintiff, a Massachusetts resident, do not relate to Plaintiff's claims seeking damages for failure to pay under the Employment Agreement. Furthermore, Plaintiff fails to allege any actions or communications of Mr. Freitas, giving rise to Plaintiff's claims, let alone any actions of Mr. Freitas related to Massachusetts.

### 2. Purposeful Availment

The purposeful availment requirement focuses on a defendant's deliberate contacts with the forum. Courts focus on the "voluntariness of the defendants' relevant [forum state] contacts and the foreseeability of the defendants falling subject to [forum state] jurisdiction." *Copia*, 812 F.3d at 5 (citing *Adelson*, 510 F.3d at 48). First, Plaintiff alleges no conduct by Mr. Freitas, let

alone any conduct by Mr. Freitas in Massachusetts. Plaintiff's only allegations related to Mr. Freitas is that Mr. Freitas was the President and Chief Executive Officer of MEP. *See* Am. Compl., at ¶ 3. Massachusetts courts repeatedly refuse to find that a corporate officer has purposefully availed himself of Massachusetts law, simply by reciting an officer's position at a company, without more. *See e.g., Hopkins*, 2019 WL 3547085, at *7. While Mr. Guerin, as Plaintiff's supervisor deliberately contacted Plaintiff, the contacts were not related to the state of Massachusetts, rather, per the allegations of the Amended Complaint, were related to his duties and obligations for MEP.  Messrs. Freitas and Guerin did not recruit Plaintiff in Massachusetts, did not assist Plaintiff in performing work in Massachusetts, and did not solicit any business in Massachusetts, with Plaintiff's assistance. *Contrast with King*, 433 F. Supp. 3d at 15 (finding purposeful availment where corporate defendants "intentionally engaged with King in Massachusetts through, among other actions, recruiting him, negotiating his employment contract, withholding state income taxes from his salary and soliciting business with his assistance in Massachusetts on at least two occasions").  While Plaintiff tries to muddy the waters here, no doubt to obtain jurisdiction in the Commonwealth, the Employment Agreement lays out the intentions of the parties and the jurisdiction in which Plaintiff was hired to work. Moreover, Plaintiff essentially did not produce business in any jurisdiction, let alone in Massachusetts.

### 3.  Reasonableness

Finally, Plaintiff cannot demonstrate that the Court's exercise of jurisdiction over Messrs. Freitas and Guerin is reasonable. Messrs. Freitas and Mr. Guerin would incur significant burden in having to travel to Massachusetts to litigate this dispute. Furthermore, it would be unreasonable for this court to force Messrs. Freitas and Guerin, to litigate this dispute in Massachusetts based

on an employment relationship between MEP and an individual who happened to reside in Massachusetts. Finding jurisdiction over the corporate officers in this circumstances would result in supervisors/directors being hailed into courts across the country based solely on their supervision of an employee who was permitted to work remotely.

## **CONCLUSION**

For the foregoing reasons, Defendants Mark Edward Partners LLC, Mark E. Freitas, and Andrew P. Guerin respectfully request that this Court dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction, and order such other relief as it deems proper.


Dated: February 3, 2022                    Respectfully submitted,

                                           Mark Edward Partners LLC, Mark E. Freitas,
                                           and Andrew P. Guerin,

                                           By their attorneys,

                                           */s/ Rachel E. Moynihan*

                                           _____
                                           Rachel E. Moynihan, BBO#663887
                                           Marissa L. Morte, BBO# 705683
                                           MANNING GROSS + MASSENBURG, LLP
                                           125 High Street, 6th Floor
                                           Oliver Street Tower
                                           Boston, MA 02110-3536
                                           rmoynihan@mgmlaw.com
                                           mmorte@mgmlaw.com
                                           Telephone:  (617) 670-8303
                                           Facsimile:   (617) 670-8801

## <u>CERTIFICATE OF SERVICE</u>

I, Rachel E. Moynihan, hereby certify that on this 3rd day of February, 2022, I caused a true and accurate copy of the foregoing document to be served on all counsel of record by operation of the Court's Electronic Case Filing System (ECF).

/s/ *Rachel E. Moynihan*

_____

Rachel E. Moynihan