UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:22-CV-10148-RWZ

MATTHEW POST

v.

MARK EDWARD PARTNERS LLC; MARK E. FREITAS; and ANDREW P. GUERIN

MEMORANDUM & ORDER

October 3, 2022

ZOBEL, S.D.J.

Plaintiff, Matthew Post brings claims for unpaid wages and breach of contract against his former employers, Defendants Mark Edward Partners LLC, Mark E. Freitas, and Andrew P. Guerin. Docket # 11. They move to dismiss for failure to state a claim (Docket # 6) and for lack of personal jurisdiction (Docket # 8).[1]

I.  **Background and the Parties**

Defendant Mark Edward Partners LLC ("MEP" or "the Company") is an insurance brokerage firm with offices in New York, California, and Florida. Docket # 11 (Sec. Am. Compl.) ¶¶ 18-19. It is also registered with and licensed by the Commonwealth of Massachusetts. ¶¶ 2-3. Defendant Mark Freitas is the President, CEO, founder, owner, and manager of MEP. Id. ¶ 4. He is also licensed by Massachusetts as an insurance agent. Id. Defendant Andrew Guerin is the Executive Vice President of the Company.

---

[1] At the July 12, 2022 hearing, the parties agreed that the earlier filed motions to dismiss (Docket ## 6, 8) apply to the later filed second amended complaint (Docket # 11).

1

Id. ¶ 5. Plaintiff Matthew Post was at all relevant times, a resident of, and licensed as an insurance agent in, Massachusetts. Id. ¶ 1.

In approximately late April to early May 2021, Freitas and Guerin recruited Plaintiff to work at MEP and "establish a presence" for it in Massachusetts. Id. ¶¶ 7-8. They interviewed Plaintiff entirely through the remote video conferencing platform, Zoom, while the Plaintiff was in Massachusetts. Id. ¶ 7. On May 7, 2021, Freitas sent Plaintiff an offer letter on behalf of MEP that set out the terms of his employment, including his title as vice president, that he was "eligible to receive a draw against commissions from May 2021 through December 2021 in amount of $105,000," and that he would report to Guerin. Docket # 11-5, Ex. E. The offer letter did not specify whether the draw against commissions would be recoverable if Plaintiff failed to earn commissions. Id.

On May 15, 2021, Plaintiff began working at MEP. Sec. Am. Compl. ¶ 20. He called on and visited prospective customers, all in Massachusetts. Id. ¶ 22. Plaintiff was paid $6,500 on a bi-weekly basis and received Massachusetts pay stubs that classified his pay as "salaried" and deducted Massachusetts income taxes. Id. ¶¶ 10, 20. He also received MEP business cards from Guerin, which added Boston as an office location. Id. ¶¶ 18-19.

On September 20, 2021, Guerin told Plaintiff that he and Freitas had decided to suspend payment of his base wages from the Company, but that they would "reimburse his back wages and resume payment of his wages prospectively once he obtained broker of record letters or booked policies with clients that had annual commissions of $160,000." Id. ¶ 23. After that date, Plaintiff continued working without pay until he was

terminated on November 29, 2021. Id. ¶¶ 25-26. He was never paid for that work, nor was he paid for his unused vacation time. Id. ¶ 27.

## II. Personal Jurisdiction

"On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of satisfying the Massachusetts long-arm statute and the Due Process Clause of the Fourteenth Amendment." Levesque v. Schroder Inv. Mgmt. N. Am., Inc., 368 F. Supp. 3d 302, 307–08 (D. Mass. 2019) (citing Cossart v. United Excel Corp., 804 F.3d 13, 18 (1st Cir. 2015)). Plaintiff's "evidentiary proffers [are accepted] as true and construe[d] [] in the light most favorable to the plaintiff's claim, and [the court] also consider[s] uncontradicted facts proffered by the defendant." Cossart, 804 F.3d at 18 (citing C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 65 (1st Cir. 2014)).

### a.  Massachusetts Long Arm Statute

The Massachusetts long arm statute allows this court to "exercise personal jurisdiction over a person . . . as to a cause of action in law or equity arising from the person's . . . transacting any business in this commonwealth." Mass. Gen. Laws ch. 223A, § 3(a). A defendant is considered to have satisfied the long arm statute where (1) it "attempted to participate in the commonwealth's economic life" and (2) the alleged harm would not exist "but for" defendant's business in the Commonwealth. Cossart, 804 F.3d at 18 (quoting United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1087 (1st Cir.1992)). Here, Freitas and Guerin personally recruited Plaintiff to work for MEP for the purpose of "establish[ing] a presence" for the Company in Massachusetts, personally negotiated the terms of his employment at the

Company, and directly supervised Plaintiff's work for MEP, all of which was conducted in the Commonwealth. See id. (reversing dismissal and finding out-of-state company and executive subject to personal jurisdiction where the executive "personally negotiated the employment contract" understanding that the Massachusetts resident would work as an employee in Massachusetts, the company was registered in the Commonwealth, and the claim arose from work performed in Massachusetts).

Further, while "[j]urisdiction over the individual officers of a corporation under the Massachusetts long arm statute may not be based on jurisdiction over the corporation," Levesque, 368 F. Supp. 3d at 308, "precedent supports subjecting corporate officers to jurisdiction under the long-arm statute at least where they are 'primary participants' in corporate action," Cossart, 804 F.3d at 19. Plaintiff sufficiently alleged that the individual defendants acted as "primary participants" in their decision to cease payment of Plaintiff's wages. Id.

### b.   Due Process Clause of the Fourteenth Amendment

The Due Process Clause analysis for specific personal jurisdiction requires "the plaintiff[] [to] show that (1) [its] claims directly arise out of or relate to the defendant's forum activities; (2) the defendant's forum contacts represent a purposeful availment of the privilege of conducting activities in that forum, thus invoking the benefits and protections of the forum's laws and rendering the defendant's involuntary presence in the forum's courts foreseeable; and (3) the exercise of jurisdiction is reasonable." Knox v. MetalForming, Inc., 914 F.3d 685, 690 (1st Cir. 2019).

Here, Plaintiff easily satisfies the requirement that his claims "have a 'demonstrable nexus' to the defendant's forum contacts." Id. Plaintiff's claims for

4

unpaid wages and breach of contract directly arise from the Defendants' alleged recruitment, hiring, and termination of Plaintiff, all of which occurred while Plaintiff was working for MEP in Massachusetts.  Further, both the Massachusetts-licensed Company and the individual Defendants purposefully availed themselves of "the privilege of conducting activities" in the Commonwealth when they recruited Plaintiff to "establish a presence" for it in Massachusetts.  Cossart, 804 F.3d at 20; Sec. Am. Compl. ¶¶ 7-8.  Finally, the exercise of jurisdiction is reasonable because litigation in Massachusetts would not cause "some kind of special or unusual burden" for Defendants, the Commonwealth has a strong interest in resolving claims for unpaid wages allegedly earned in Massachusetts, Plaintiff resides in the Commonwealth, this court can achieve "effective resolution of the controversy," and the Commonwealth has an interest in promoting "substantive social policies."  Cossart, 804 F.3d at 22.

### III.  Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  For purposes of this motion, the court accepts factual "allegations in the complaint as true" and construes "all reasonable inferences in favor of the plaintiff[]."  Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

#### a.   Count I: Massachusetts Wage Act (Mass. Gen. Laws ch. 149 §§ 148, 150) (against MEP, Freitas, and Guerin)

Defendants' motion to dismiss the Massachusetts Wage Act claim for failure to state a claim is denied.  Contrary to Defendants' argument, a draw on commission is "a payment within the meaning of the Wage Act."  Perras v. Trane U.S., Inc., 578 F. Supp.

3d 193, 197 (D. Mass. 2022). Nor are the individual Defendants shielded from liability as to the Wage Act claim because Plaintiff adequately alleged that they assumed "significant management responsibilities," particularly in regard to negotiating, determining the amount of, and deciding to suspend Plaintiff's wages. Pineda v. Skinner Servs., Inc., No. 16-cv-12217-FDS, 2020 WL 5775160, at *21 (D. Mass. Sept. 28, 2020) (denying individual defendant's summary judgment motion for liability under the Wage Act because "a reasonable juror could find that he has significant management responsibilities and controls, directs, and participates in a substantial degree in formulating and determining policy of a corporation").

### b. Count II: Massachusetts Minimum Wage Act (Mass. Gen. Laws ch. 151, § 1) (against MEP, Freitas, and Guerin)

The motion to dismiss is also denied for Count II, brought under the Massachusetts Minimum Wage Act. Defendants argue that Plaintiff is not entitled to relief under the statute because he is considered an "outside salesman." Mass. Gen. Laws ch. 151, §§ 1A, 2. To determine whether defendants met their burden to demonstrate that the plaintiff is an "outside salesman," Massachusetts courts can look to Fair Labor Standards Act ("FLSA") cases interpreting the term. See Youssefi v. Direct Energy Bus., LLC, No. SUCV201803809BLS1, 2020 WL 2193677, at *1 (Mass. Super. Feb. 28, 2020); see also Sullivan v. Dumont Aircraft Charter, LLC, 364 F. Supp. 3d 63, 87 (D. Mass. 2019) (remarking that "it is the Defendants' burden to establish that he is an outside salesman" in FLSA case). Any "fixed site," including a "home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered one of the employer's places of business." Sullivan, 364 F. Supp. 3d at 87. Accepting Plaintiff's factual allegations as true and drawing all reasonable inferences in

his favor, as the court must do at the motion to dismiss stage, Plaintiff is not exempted from the protections of the Minimum Wage Act because his home office could be considered an extension of his "employer's place of business." Id.; See also Jinks v. Credico (USA) LLC, 2020 WL 1989278, at *8 (Mass. Super. Mar. 31, 2020) (denying summary judgment for minimum wage claim because it was disputed whether plaintiff "fell within the outside sales exemption").

### c.   Count III: Breach of Contract (against MEP)

To state a claim for breach of contract under Massachusetts law, a plaintiff must allege "that (1) an agreement was made between plaintiff and defendant that was supported by consideration, (2) plaintiff was ready, willing and able to perform, (3) defendant failed to perform a material obligation provided for in the contract and (4) plaintiff suffered harm caused by defendant's failure to perform." Lamonica v. Fay Servicing, LLC, 352 F. Supp. 3d 138, 140 (D. Mass. 2018).  Defendant's motion to dismiss the claim for breach of contract is denied, because none of the parties dispute that the May 7, 2021 letter created an employment agreement, Plaintiff alleges that he performed under the contract, and he alleges that Defendants failed to pay the entirety of the wages and vacation time he had earned.

### d.   Count IV: Promissory Estoppel (against MEP)

Defendants argue that the promissory estoppel claim against MEP must be dismissed, because Plaintiff also alleges a claim for breach of contract. However, at the motion to dismiss stage, a plaintiff may assert a claim for promissory estoppel "as an alternative theory of recovery." Nickerson-Reti v. Bank of Am., N.A., No. 13-cv-12316-FDS, 2014 WL 2945198, at *10 (D. Mass. June 26, 2014) (allowing motion to amend

7

complaint for promissory estoppel and breach of contract claims and denying motion to dismiss as moot).

### e. Count V: Breach of the Covenant of Good Faith and Fair Dealing (against MEP)

Defendant asserts that Count V, the claim for breach of the covenant of good faith and fair dealing, must be dismissed because Plaintiff did not adequately allege a breach of contract claim. As explained above, Plaintiff alleged sufficient facts to support a claim for breach of contract, therefore the motion to dismiss is denied as to this count. See Shaulis v. Nordstrom, Inc., 865 F.3d 1, 16 (1st Cir. 2017) ("a covenant of good faith and fair dealing is implied in every contract" under Massachusetts law).

### f. Count VI: Quantum Meruit (against MEP)

Defendants' motion to dismiss is allowed for Count VI, the quantum meruit claim against MEP. "[Q]uantum meruit is a theory of recovery rather than a cause of action." Bos. Light Source, Inc. v. Axis Lighting, Inc., No. 17-cv-10996-NMG, 2017 WL 6543868, at *5 (D. Mass. Nov. 13, 2017) (recommending motion to dismiss quantum meruit claim and citing cases) report and recommendation adopted (D. Mass. Dec. 20, 2017).

## IV. Conclusion

Wherefore the motion to dismiss for lack of personal jurisdiction (Docket # 8) is DENIED and the motion to dismiss for failure to state a claim (Docket # 6) is DENIED for Counts I to V and ALLOWED for Count VI.

October 3, 2022
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE