UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:22-CV-10148-RWZ

MATTHEW POST

v.

MARK EDWARD PARTNERS LLC;
MARK E. FREITAS; and ANDREW P. GUERIN

<u>MEMORANDUM & ORDER</u>

March 8, 2023

ZOBEL, S.D.J.

Plaintiff, Matthew Post brought claims for unpaid wages and breach of contract against his former employers, Defendants Mark Edward Partners LLC, Mark E. Freitas, and Andrew P. Guerin. Docket # 22. Defendants counterclaimed for breach of contract, unjust enrichment, negligent misrepresentation, fraudulent misrepresentation, and conversion. Docket # 26. Plaintiff moves to dismiss the counterclaims for failure to state a claim. Docket # 29. The motion is allowed.

Both parties agree that a May 7, 2021 offer letter from Defendants to Plaintiff operated as an employment contract. See Docket # 22 (Amended Complaint) at ¶¶ 11-12, Docket # 26 (Counterclaims) at ¶¶ 6-7. That letter stated that Plaintiff was "eligible to receive a draw against commissions [] in [the] amount of $105,000," but it did not specify whether the draw would be recoverable by Defendants if Plaintiff failed to earn commissions. Docket # 11-5, Ex. E. Contract interpretations and ambiguities therein are questions of law for courts to decide. See <u>Sullivan v. Dumont Aircraft Charter, LLC</u>,

364 F. Supp. 3d 63, 80 (D. Mass. 2019). If "a contract's terms contain ambiguity, [the court] may consider extrinsic evidence to determine the meaning of the contract" and construes any ambiguity "against the drafter." See id. Here, the employment contract is ambiguous about the central question, whether the payments from Defendants to Plaintiff are recoverable by Defendants. Therefore, extrinsic evidence may be considered to resolve this ambiguity as a matter of law. Considering that (1) Plaintiff was paid $6,500 on a bi-weekly basis, (2) he received pay stubs that classified his pay as "salaried," and (3) Defendants drafted the contract, the court concludes that the draw against commissions that Defendants paid to Plaintiff is not recoverable by Defendants. Docket # 22 ¶¶ 10, 20; Docket # 11-5, Ex. E.

Additionally, Defendants did not sufficiently assert their counterclaims for breach of contract, unjust enrichment, and conversion for the non-recoverable draw against commissions, because the claims are dependent on an allegation that Plaintiff "failed to work diligently." See Sullivan, 364 F. Supp. 3d at 91 (D. Mass. 2019) ("To the extent that the Defendants' counterclaims are dependent on an allegation that [Plaintiff] failed to work diligently, the Defendants do not have a cause of action."); Docket # 26 at ¶¶ 23, 27, 45 (counterclaims alleging that Defendant "never earn[ed]" his commission because he failed to generate "sufficient business"). Defendants also failed to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) for negligent misrepresentation and fraudulent misrepresentation. See N. Am. Cath. Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 15 (1st Cir. 2009) (finding that Fed. R. Civ. P. 9(b) "expansively" covers "claims where the core allegations effectively charge fraud").

2

The motion to dismiss Defendant's counterclaims (Docket # 29) is ALLOWED.

March 8, 2023
DATE

/s/ Rya W. Zobel
RYA W. ZOBEL
SENIOR UNITED STATES DISTRICT JUDGE